UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Ligia Arias
13887 SW 64th Street
Miami, FL 33183

Case No.: 18-19837-CPM
Chapter 13

_____/

## SECURED CREDITOR, TROJAN CAPITAL INVESTMENT, LLC.'S OBJECTION TO PLAN

**COMES NOW, SECURED CREDITOR**, Trojan Capital Investment, LLC. (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Third Amended Chapter 13 Plan [DE # 42] filed by the Debtor and States as grounds the following:

1. On or about August 13, 2018, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On or about August 24, 2018, Debtor filed its proposed Chapter 13 plan. [DE # 8].

3. On or about October 19, 2018 Debtor filed its First Amended Chapter 13 Plan [DE # 28]

4. On or about November 20, 2018 Debtor filed its Second Amended Chapter 13 Plan [DE # 36]

5. On or about November 27, 2018 Debtor filed its Third Amended Chapter 13 Plan [DE # 42]

6. Secured Creditor claim is secured by a first mortgage encumbering the real property owned by Debtor located 320 SW 100th Avenue, Pembroke Pines, FL 33025 (hereinafter "The Property").

7. Secured Creditor is the owner and holder of the note and mortgage and has the right to enforce the note and mortgage.

8. Secured Creditor has or will timely file a Proof of Claim indicating the arrears and regular monthly payment.

9. The Debtor's Chapter 13 Plan is deficient on its face since the Debtor's net income of $55 per month is woefully insufficient to pay the debts scheduled in the petition.

10. The Secured Creditor will likely be successful in defending the Debtor's attempt to strip the lien from the subject property based on the broker's price opinion in the Secured Creditor's objection to the motion to value. [DE #31]. Thus, it is likely that the Secured Creditor's claim will be required to be included in the bankruptcy plan, resulting in further unfeasibility of the Debtor's plan.

11. Based on Paragraphs 6 through 8, the Debtor's Chapter 13 Plan is unfeasible under the Bankruptcy Code.

12. The Plan fails to include the correct payment to Secured Creditor including, but not limited to the correct pre-petition arrearages and fails to include the correct regular monthly mortgage payments including the escrow amounts for taxes and insurance, which Secured Creditor is paying.

13. Furthermore, the current monthly payment is $694.38 of which the Plan only provides to pay $0.00, creating a monthly deficit of $694.38. The estimated pre-petition arrears are $56,140.62, which the Plan proposes to pay $0.00 over the course of 60 months leaving a deficiency in the amount of $56,140.62. A Plan which does not pay all of the pre-petition arrears in full does not result in a discharge and entitles Secured Creditor to seek its rights under the Mortgage under *In Re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821, 834 (11 Cir. 2003).

14. The Debtor's schedules I and J show that the Debtor will have difficulty trying to pay as stated in the Plan to Secured Creditor given the fact that Debtor should be paying approximately $935.68 in arrears and $694.38 in the regular monthly payments totaling a payment around $1630.06. Even if the Debtor amended his Plan, it will be difficult for the Debtor to maintain the proposed plan payments taking into account the Debtor's expenses. Therefore, the confirmation of the Chapter 13 plan should be denied pursuant to 11 U.S.C. §1325(a)(6) because the Debtor will not be able to make all payments under the Plan or comply with the Plan. The Debtor lacks the income necessary to cure the arrearages and by the regularly monthly payment with all other creditors and the Debtor's expenses as indicated in Paragraph 10 above.

15. The Plan proposes to modify Secured Creditor's lien without cause why the lien should be modified, especially since a Borrower's income and the high arrearages balance shows that the Debtor will have difficulty paying in the plan to Secured Creditor.

16. Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322(e). Said fees should be added to the balance of the Note and Mortgage pursuant to the terms of the loan documents, but not added to the Debtors' personal obligation once a discharge is received.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtors' Chapter 13 Plan be amended to include the correct arrearage and regular monthly payment to Secured Creditor or grant Secured Creditor in rem relief from stay together with fees as set forth in paragraph 13 above, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, on November 29, 2018.

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

/s/ Damian G. Waldman
Damian G. Waldman, Esquire
Florida Bar No.: 090502
**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Boulevard, Unit 1 & 2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: damian@dwaldmanlaw.com
Service Email: bankruptcy@dwaldmanlaw.com
*Attorneys for Secured Creditor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th Day of November 2018, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

## SERVICE LIST

Trojan Capital Investment, LLC.
c/o Damian Waldman, Esq.
Law Office of Damian G. Waldman, P.A.
10333 Seminole Blvd., Units 1 and 2
Seminole, FL 33778
damian@dwaldmanlaw.com
bankrutcy@dwaldmanlaw.com
service@dwaldmanlaw.com

Ligia Arias
13887 SW 64th Street
Miami, FL 33183

*Trustee*
Nancy K. Neidich
POB 27806
Miramar, FL 33027

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

                                    **Law Offices of Damian G. Waldman, P.A.**
                                    10333 Seminole Blvd., Units 1&2
                                    Seminole, FL 33778
                                    Telephone: (727) 538-4160
                                    Facsimile: (727) 240-4972
                                    Email:**damian@dwaldmanlaw.com**
                                    Attorneys for Secured Creditor

                                    By:   /s/ Damian Waldman, Esq.
                                    Damian Waldman, Esq.
                                    Florida Bar No.: 0090502